IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WESTERN RESERVE COAL COMPANY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDY SMITH, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION IN LIMINE<br><br><br><br>Case No. 2:06-CV-901 TS |

This matter comes before the Court on Plaintiffs' Revised Motion in Limine.[1]  For the reasons discussed below, this Motion is granted in part and denied in part.

I.        Factual Background

Plaintiffs Western Reserve Coal Company, WRCC, and Carbon Resources (collectively, "Plaintiffs") are in the business of exploration, development, mining and future production of coal from coal reserves located near Scofield, Utah.  Defendants Judy Smith and Gayland B. Jones (collectively, "Defendants") are co-trustees and sole beneficiaries of the Bill and Utahna Jones Family Trust ("the Trust"), and residents of Utah.  Defendant Phillip Collins ("Collins") is

---

[1]Docket No. 35.

also a resident of Utah.

The parties have entered into several separate agreements concerning the exploration and development of coal reserves located in Carbon County, Utah. Three of those agreements are involved in the instant case: 1) the Access Agreement; 2) the Water Agreement; and 3) the Option Agreement. As several factual and legal issues remain in dispute in this case, the Court will not recount detailed facts here.

II.     Discussion

A.     Plaintiffs' Motion in Limine

Plaintiffs motion addresses two categories of evidence: 1) evidence regarding the date of expiration of the Water Agreement; and 2) exhibits and testimony regarding title of the coal rights.

   1.     Water Agreement

Plaintiffs assert that evidence regarding the expiration date of the Water Agreement is not material and only marginally relevant to the three Agreements at issue in this case. Defendants assert that evidence regarding the expiration date is material.

Rule 402 states that "[e]vidence which is not relevant is not admissible."[2] Rule 403 states that even relevant

> evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.[3]

In this case, the Court finds that the evidence regarding the expiration date of the Water

---

[2] F.R.E. 402.

[3] F.R.E. 403.

Agreement is both material and relevant. The Court further finds that its probative value is not substantially outweighed by any of the considerations included in Rule 403. Therefore, evidence on this issue will be admitted.

    2.    Exhibits W and X

Plaintiffs also assert that Exhibits W and X, which relate to title of the lands in question, should be excluded because the title issue was not properly pleaded prior to this juncture in the case. Defendants indicate in their opposition that Plaintiffs have rescinded their motion with respect to these two exhibits in reliance on Plaintiffs' representation that neither exhibit would be proferred at trial. Thus, the Court finds Plaintiffs' Motion in Limine with respect to Exhibits W and X is now moot and will be denied as such.

    B.    Defendants' Objection

Defendants' filed a Notice of Objection on July 23, 2008.[4] In that filing, Defendants object to Exhibits 10 and 12, which were disclosed in Plaintiffs' Pretrial Order, filed with the Court on July 21, 2008.[5]

Plaintiffs disclosed Exhibit 10 in the Proposed Witness List and Exhibit List that was filed on June 6, 2008.[6] Defendants filed an Objection on June 20, 2008,[7] but did not file a motion in limine with the Court. As per the Court's Trial Order, the deadline for such motions has passed. Thus, the Court will allow the admission of Exhibit 10 at trial.

---

[4]Docket No. 39.

[5]Docket No. 32.

[6]Docket No. 22.

[7]Docket No. 23.

As for Exhibit 12, which also relates to title of the coal, Plaintiffs have stipulated that title will not be raised as an issue in this case.  Therefore, for the same reasons outlined above as to Exhibits W and X, Exhibit 12 will be excluded.

      III.    Conclusion

The Court finds that all evidence and testimony related to title of the coal, including Exhibits W, X and 12, are excluded.  The Court further finds that evidence related to the date of expiration of the Water Agreement is relevant and not unfairly prejudicial.  The Court further finds that Exhibit 10 will be admitted because it was properly disclosed and no motion in limine was properly filed.  It is therefore

ORDERED that Plaintiffs' Revised Motion in Limine (Docket No. 35) is GRANTED IN PART and DENIED IN PART.

DATED   July 23, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge