IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WESTERN RESERVE COAL COMPANY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDY SMITH, et al.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' DECLARATORY JUDGMENT CLAIM<br><br><br><br>Case No. 2:06-CV-901 TS |

Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.[1] Plaintiffs seek relief with respect to the Option Agreement.

I.  Background Facts

The parties to this suit entered into a series of agreements concerning the exploration and development of a coal mine in Carbon County, Utah. A dispute over the terms of those agreements and the parties' respective responsibilities under each agreement has arisen and is the subject of this suit.

---

[1] In their Complaint, Plaintiffs seek relief with respect to three agreements. Plaintiffs have since withdrawn their claim for declaratory relief with respect to two of those agreements.

1

Neither party filed a motion seeking declaratory relief prior to the commencement of trial. The Court has considered the evidence presented at trial and makes its ruling based on the same.

II.     Applicable Law

Pursuant to 28 U.S.C. § 2201, a court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."[2]

III.    Discussion

In their Complaint, Plaintiffs assert that "[t]he Option Agreement is a valid and enforceable agreement . . . [under which] . . . Plaintiffs have the option to lease the 45 acres of Trust Property specifically identified in the Option Agreement under the material terms and at the rates set forth in the Option Agreement."[3]

Plaintiffs assert that they paid $20,000 for surface rights to a parcel of land upon which a rail spur line could be built, should Plaintiffs choose to exercise their option to do so prior to June 26, 2009.  Plaintiffs contend that they wanted to secure the option in the event that they were able to obtain permits for the coal mine.  Defendants concede that Plaintiffs paid $20,000 pursuant to the terms of the Option Agreement, but assert that Plaintiffs did not exercise their option under the Option Agreement prior to digging on the parcel.

Based on the evidence presented at trial, the Court finds that the Option Agreement is

---

[2] 28 U.S.C. § 2202.

[3] *Id.* at 9.

valid and remains in effect, unless the jury finds, based upon the preponderance of the evidence, that there was a material breach of the agreement by Plaintiffs.

DATED   July 31, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge